UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL GARCIA,<br><br>Defendant. | No. 1:15-cr-00169-DAD-BAM<br><br>ORDER DENYING DEFENDANT MANUEL GARCIA'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 167) |

On December 18, 2023, defendant Manuel Garcia filed a *pro se* amended motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines.[1] (Doc. No. 167.) On February 13, 2024, the government filed an opposition to that motion. (Doc. No. 169.) Because defendant Garcia is not eligible for the relief he seeks, the court will deny his motion to reduce his sentence.

**BACKGROUND**

On October 11, 2016, pursuant to a plea agreement, defendant Garcia entered a plea of guilty to Count One of an indictment charging him with conspiracy to distribute and possess with the intent to distribute at least 500 grams of a mixture or substance containing a detectable

---

[1] On January 9, 2024, the motion was referred to the Office of the Federal Defender ("FDO") for possible assumption of representation. (Doc. No. 168.) The FDO did not file a notice indicating its intent to assume representation within the time provided by the order and thus the time for the filing of an opposition by the government commenced running. (*Id.*)

1

1  amount of methamphetamine or 50 grams of actual methamphetamine in violation of 18 U.S.C.
2  §§ 846 and 841(a)(1).  (Doc. Nos. 24, 63, 64.)

3      The presentence report ("PSR") prepared in defendant's case calculated his total offense
4  level as 36 and his criminal history category as III (based on a finding of a criminal history score
5  of 4), resulting in an advisory sentencing guidelines range calling for a term of imprisonment
6  between 235 and 293 months.  (Doc. No. 73 at 10–12, 19.)  However, at the sentencing hearing
7  on February 1, 2017, the court granted a downward departure and also varied downward from the
8  advisory sentencing guideline range, sentencing defendant to a 144-month term of imprisonment,
9  along with a 60-month term of supervised release to follow (to become unsupervised if he is
10 deported).  (Doc. No. 79.)  The court entered judgment on February 2, 2017.  (Doc. No. 80.)

11     In his *pro se* motion now pending before the court, defendant Garcia moves to reduce his
12 sentence, pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S. Sentencing
13 Guidelines.  (Doc. No. 167 at 1.)  Specifically, defendant contends that he is eligible for a
14 sentence reduction based on Part B of Amendment 821 and U.S. Sentencing Guidelines
15 ("U.S.S.G.") § 4C1.1(a).  (*Id*.)  That new provision reduced the advisory sentencing guideline
16 range for those who had no criminal history points—so-called zero-point offenders.  On February
17 13, 2024, the government filed its opposition to the pending motion.  (Doc. No. 169.)  Defendant
18 did not file a reply.[2]

19     For the reasons explained below, the court concludes that defendant is not eligible for
20 relief under § 3582(c)(2), and his motion for a reduction of his sentence will therefore be denied.

21                                 **ANALYSIS**

22     "A federal court generally 'may not modify a term of imprisonment once it has been
23 imposed.'"  *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United*
24 *State*s, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d
25 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir.
26 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.").  "But

27

28   [2] On April 15, 2024, this case was reassigned to the undersigned.  (Doc. No. 170.)

1  this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th

2  Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

As noted above, defendant Garcia asserts that he is eligible for a reduction to his sentence based on Part B of Amendment 821. (Doc. No. 167.)[3] However, the PSR in defendant's case reflects that he had amassed four criminal history points due to his prior criminal record. (Doc. No. 73 at 10–12.) He was therefore not a zero-point offender at the time of his sentencing, his

---

[3] Although defendant does not seek a reduction in his sentence pursuant to Part A of Amendment 821 (*see* Doc. No. 167), it is also clear that he is ineligible for relief under that provision as well. Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence. However, defendant's PSR does not reflect that he was under any criminal justice sentence when he committed the offense for which he was sentenced by this court and he did not receive any status points. (Doc. No. 73 at 10–11.) Accordingly, defendant is also ineligible for an adjustment under U.S.S.G. § 4A1.1(e).

motion fails at the first step of the inquiry, and he simply does not qualify for a two-level reduction in his offense level pursuant to U.S.S.G. § 4C1.1.  *See United States v. Morfin Villa*, 1:21-cr-00177-KJM-BAM, 2024 WL 3164041, at *2 (E.D. Cal. June 25, 2024 2024); *United States v. Aguilar*, No. 2:13-00296-KJM, 2024 WL 1521382, at *2 (E.D. Cal. Apr. 8, 2024).

## CONCLUSION

For the reasons above, the court denies defendant's motion to reduce his sentence (Doc. No. 167) under 18 U.S.C. § 3582(c)(2).  The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:   **June 29, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE